Lolia v. Holder

BIA
McManus, IJ
A099 076 609

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of July, two thousand eleven.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

_____

OSEKOLA LOLIA,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

10-1636-ag
NAC

_____

FOR PETITIONERS:     Genet Getachew, Brooklyn, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; William C. Peachey, Assistant Director; Jonathan Robbins, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Osekola Lolia, a native and citizen of the Democratic Republic of the Congo ("DRC"), seeks review of an April 13, 2010, order of the BIA affirming the May 27, 2008, decision of Immigration Judge ("IJ") Margaret McManus denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Osekola Lolia*, No. A099 076 609 (B.I.A. April 13, 2010), *aff'g* No. A099 076 609 (Immig. Ct. N.Y. City May 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The BIA did not err in finding that Lolia failed to establish his eligibility for asylum and withholding of removal because he did not demonstrate that the mistreatment he suffered was on account of any protected ground. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Lolia argues that he was attacked by a group of soldiers working under Joseph Kabila, the current DRC President and member of the Swahili ethnic group, because of his Baluba ethnicity. However, he testified that he was beaten and robbed by a group of men, some in uniforms and some not, and that "you could not tell the difference who was who." Furthermore, Lolia did not testify that the group gave any indication that they targeted him due to his ethnicity or for any reason other than to take his possessions. Therefore, the record does not *compel* a conclusion that Lolia's ethnicity was a motivating factor in the attack. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1, 483-84 (1992). This is especially true in light of the country conditions evidence in the record which, although enumerating a plethora of human rights abuses in the DRC,

2

makes no mention of Swahili/Baluba tensions, attributing the problems to general country-wide strife.

With respect to the attack against Lolia's father, "an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic." *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007). Although Lolia could nevertheless demonstrate his eligibility for relief if he could show that he "not only shares (or is perceived to share) the characteristic that motivated persecutors to harm the family member, but was also within the zone of risk when the family member was harmed," *id.*, he testified that he was not present when his father was attacked. Therefore, even assuming, *arguendo*, that Lolia could establish that his father's attack was motivated by an enumerated protected ground, because the record does not compel the conclusion that Lolia's own mistreatment was due to any protected ground, his claim for asylum and withholding of removal was properly denied. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b)(1); *Ramsameachire*, 357 F.3d at 178; *Tao Jiang*, 500 F.3d at 141-42.

Finally, with respect to Lolia's claim for relief under the CAT, because he addresses the issue only in a "single conclusory sentence" in his brief, we deem this argument abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3